UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MASON ALEXANDER,

        Petitioner,

                                                                   Case No. 2:18-cv-14084
v.                                                          Hon. Nancy G. Edmunds

SHERMAN CAMPBELL,

        Respondent.

_____/

**ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan prisoner James Mason Alexander, ("Petitioner"), has filed a second federal petition for a writ of habeas corpus challenging his 1981 St. Joseph Circuit Court conviction for first-degree murder. Petitioner's original 1981 mandatory life sentence was amended in 2018 to correct the effective date – September 16, 1981, instead of October 31, 1980.

Petitioner previously filed a federal habeas petition challenging his murder conviction that was denied on statute of limitations grounds. *Alexander v. Metrish*, No. 2:06-cv-41 (W.D. Mich. Feb. 16, 2007). The Sixth Circuit Court of Appeals denied Petitioner a certificate of appealability. *Alexander v. Metrish*, No. 07-1438 (6th Cir. Oct. 29, 2007).

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664

1

(1996). When a habeas petitioner files a second or successive habeas petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. See 28 U.S.C. § 1631; *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner seeks to avoid the bar on successive habeas petitions on account of the 2018 correction to his judgment of sentence. Such an amendment, however, "does not constitute an intervening judgment" resetting Alexander's habeas petition count to zero "because it was not entered after either a full or a partial resentencing." *In re Arega*, 2019 U.S. App. LEXIS 17400, *5 (6th Cir. June 10, 2019) (citing *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) and *Magwood v. Patterson*, 561 U.S. 320, 342 (2010)).

Accordingly, the instant case is Petitioner's second attempt to seek federal habeas relief. Accordingly, the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner may file a successive petition.

**SO ORDERED**.

s/ Nancy G. Edmunds\
Nancy G. Edmunds\
United States District Court

Dated: July 9, 2019